UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARL R. ARRINGTON,

                            Plaintiff,

        -against-                                    1:12-CV-1033 (LEK/RFT)

DEPARTMENT OF VETERANS
AFFAIRS, STRATTON VA MEDICAL
CENTER; DR. JAMES I. DOLPH; and
UNITED STATES OF AMERICA,

                            Defendants.

_____

**DECISION and ORDER**

## I.      INTRODUCTION

        On June 26, 2012, *pro se* Plaintiff Carl R. Arrington ("Plaintiff") filed a civil rights

Complaint against Defendants pursuant to 42 U.S.C. § 1983.  Dkt. No. 1 ("Complaint").  On

September 27, 2012, with the consent of Defendants, Plaintiff filed an Amended Complaint, stating

claims under 42 U.S.C. § 1983 as well as Title VII of the Civil Rights Act of 1964 and making

reference to "medical negligence."  Dkt. No. 15 ("Amended Complaint").  Presently before the

Court is Defendants' Motion to dismiss Plaintiff's Amended Complaint.  Dkt. No. 17 ("Motion").

Plaintiff has not responded to this Motion.  See generally Dkt.  Instead, Plaintiff filed a Letter

Motion, which was subsequently denied by the Honorable Randolph F. Treece, U.S. Magistrate

Judge, requesting that the Court appoint a mediator to resolve this matter.  Dkt. No. 21; Text Order

dated December 5, 2012.  For the following reasons, the Court grants Defendants' Motion and

dismisses Plaintiff's Amended Complaint in its entirety.

## II.    BACKGROUND

Plaintiff is an African American veteran of the U.S. armed forces, and his claims arise from his medical treatment at a Veterans Affairs ("VA") facility.  See generally Am. Compl.  Plaintiff suffers from "[d]epressive mood or depression" and has struggled with anxiety problems for "a number of years."  Id. at 3.  Plaintiff also has limited use of his left thumb as a result of a prior injury.  Id.

In the spring of 2009, Plaintiff visited the VA Medical Center in Albany, New York.  Id. Plaintiff met with Defendant Dr. James I. Dolph ("Dolph"), who "promised" Plaintiff that he (Defendant Dolph) "could successfully make a tendon-rod transfer surgery of [Plaintiff's] left thumb that would improve [Plaintiff's] ability to use it."  Id.  Defendant Dolph operated on Plaintiff in May and August 2009, but the surgeries were unsuccessful.  Id.  The hunter rod became dislodged in Plaintiff's forearm at some point during or between the surgeries, requiring two additional incisions to be made in Plaintiff's forearm that resulted in scarring.  Id.  Plaintiff also alleges that he suffers from even more pain in his left hand and forearm than he did prior to the surgeries.  Id.

In addition to this alleged medical negligence on the part of Defendant Dolph, Plaintiff contends that Defendant Dolph also created a "hostile environment" during the second surgery on Plaintiff's thumb.  Id. at 3.  During the course of the August surgery, Defendant Dolph allegedly said "Got Damit [sic], what the hell happened here? . . . Oh shit[;] it slid down in his arm, Oh hell! I must send for x-rays to be done."  Id. at 2.  This cursing frightened Plaintiff and caused him great anguish, exacerbating his already-severe anxiety and depression.  Id.  Plaintiff alleges that this conduct by Defendant Dolph was a: (1) "Violation of [Plaintiff's] civil rights to have an environment of respect and dignity during surgery"; (2) "Violation of [Plaintiff's] civil rights as a

patient to have an environment free of intimidation and fear"; and (3) "Violation of [Plaintiff's] civil

rights as a US Army veteran to have a successful surgery free of hostility and inhumane behavior by

a doctor during surgery." Id. at 3.  Plaintiff also alleges that "[t]he doctor and the VA Medical

Center violated [Plaintiff's] civil rights in [the] operating room through verbal abuse." Id.  Further,

Defendants "failed to respect [Plaintiff's] religious values." Id.  As a result of this alleged

misconduct, Plaintiff suffers from "persistent depression" and "pain and agony that produces

headaches and perennial suffering." Id.

## III.   LEGAL STANDARDS

### A.  Motion to Dismiss[1]

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6).  Such a

determination "requires the reviewing court to draw on its judicial experience and common sense."

Iqbal, 556 U.S. at 679 (citation omitted).  A court must accept as true the factual allegations

contained in the complaint and draw all inferences in favor of a plaintiff.  See Allaire Corp. v.

Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  A complaint may be dismissed pursuant to Rule

12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is

plausible on its face." Twombly, 550 U.S. at 570.  Plausibility requires "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

---

[1] The Court notes that Defendants bring their Motion pursuant to Rules 12(b)(1) and/or
12(b)(6) of the Federal Rules of Civil Procedure.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

Additionally, the allegations of a *pro se* litigant are to be construed under a "less stringent standard[] than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). A court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." Id. "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Gunst v. Seaga, No. 05 Civ. 2626, 2007 WL 1032265, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

### B. Leave to Amend the Complaint

Rule 15 of the Federal Rules of Civil Procedure states that "a party may amend its pleading

only with the opposing party's written consent or the court's leave[,] . . . [but that t]he court should

freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc.—the leave sought should, as
> the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  As noted, the allegations of a *pro se* litigant are to be

construed under a "less stringent standard[] than formal pleadings drafted by lawyers." Haines, 404

U.S. at 520-21; see also Harris, 572 F.3d at 72.  "A *pro se* plaintiff, particularly one bringing a civil

rights action, should be afforded an opportunity fairly freely to amend his complaint." Holmes v.

Goldin, 615 F.2d 83, 85 (2d Cir. 1980); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185,

191 (2d Cir. 2008); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to

be read liberally.  Certainly the court should not dismiss without granting leave to amend at least

once when a liberal reading of the complaint gives any indication that a valid claim might be

stated.").

## IV.    DISCUSSION

### A.  Claims Under 42 U.S.C. § 1983

"To state a claim under Section 1983, a plaintiff must show: '(1) actions taken under color of

law; (2) deprivation of a constitutional or statutory right; (3) causation; [and] (4) damages .'"

Rahman v. Fisher, 607 F. Supp. 2d 580, 584 (S.D.N.Y. 2009) (quoting Roe v. City of Waterbury,

542 F.3d 31, 36 (2d Cir. 2008)).  "Section 1983 is not a vehicle for suits against the federal

government or an agency thereof." Leogrande v. New York, No. 08-CV-3088, 2013 WL 1283392,

at *13 (E.D.N.Y. Mar. 29, 2013) (citing Hightower v. United States, 205 F. Supp. 2d 146, 154 n. 4

(S.D.N.Y. 2002) ("Although plaintiff purports to invoke Section 1983 and the New York Constitution as bases for his constitutional claims . . . Section 1983 and the New York State Constitution only permit suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law.")).

In this case, all Defendants are federal employees or governmental entities and are therefore not subject to liability under § 1983.  Therefore, all of Plaintiff's § 1983 claims are dismissed with prejudice, as their legal deficiency would render futile any attempt to re-plead.

### B.  <u>Bivens</u> Claims

In light of Plaintiff's *pro se* status, the Court construes Plaintiff's constitutional claims liberally as causes of action brought pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).[2]  Unlike § 1983, "<u>Bivens</u> established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980).

Even construed with the utmost liberality, however, Plaintiff's claims do not amount to constitutional violations.  "[I]t is well-settled that words alone, no matter how inappropriate and reprehensible, do not rise to the level of a constitutional violation."  <u>White v. Wackenhut Sec. Contractors</u>, No. 5:07-CV-0349, 2007 WL 2406922, at *2 (N.D.N.Y. Aug. 20, 2007) (citations omitted).  Therefore, any claims resulting from Defendant Dolph's alleged use of profanity could not possibly give rise to liability under <u>Bivens</u> and are dismissed without leave to replead, as any amendment would be futile.  <u>Foman</u>, 371 U.S. at 182.

---

[2] Defendant's have anticipated the Court's liberal construction of Plaintiff's claims as perhaps stated under <u>Bivens</u> and have similarly argued for the dismissal of these claims.  Mot. at 6-9.

To the extent that Plaintiff alleges that the quality of the medical care he received in some way violated his constitutional rights, the Court finds this claim similarly defective.  Plaintiff is not incarcerated, so he cannot allege that any defect in medical care violated his Eighth Amendment rights.  Cf. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (outlining the standard for Eighth Amendment claims based on deliberate indifference to serious medical needs).  While Plaintiff repeatedly invokes his "civil rights" in his Amended Complaint, these claims sound in the realm of garden-variety tort law, not constitutional deprivations.  Therefore, the Court dismisses any constitutional claims that Plaintiff might have intended to bring under Bivens and also denies Plaintiff leave to amend these constitutional claims as any such amendment would be futile. Foman, 371 U.S. at 182.

### C. Tort Claims

In the interests of justice and in light of Plaintiff's *pro se* status, however, the Court construes Plaintiff's claims liberally as asserting state-law tort claims against Defendants.  Plaintiff never refers to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., as the basis for his claims, but if he were to bring tort claims against Defendants, he would have to do so under the FTCA, as the FTCA allows a party to file suit against federal government employees normally granted sovereign immunity when there has been a violation of a state or common law tort.  See 28 U.S.C. § 1346(b)(1); FDIC v. Meyer, 510 U.S. 471, 478 (1994).  In the instant case, however, any such tort claims—even liberally construed—are simply too vaguely drawn to state a claim. Therefore, the Court dismisses Plaintiff's tort claims, but, in an abundance of caution, grants Plaintiff leave to amend his Amended Complaint to state his claims under the FTCA.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 17) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 15) is **DISMISSED** in its **ENTIRETY** consistent with this Decision and Order; and it is further

**ORDERED**, that Plaintiff's constitutional claims are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's tort claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to amend his Amended Complaint (Dkt. No. 15) and proceed with this action, he must do so **within thirty (30) days** from the date of filing of this Decision and Order.  If Plaintiff does not comply with this Decision and Order and file a second amended complaint in a timely fashion, however, this matter will be **dismissed without prejudice[3] without further order of the Court**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:        June 06, 2013
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3]  Those claims already expressly dismissed with prejudice by this Decision and Order, however, will of course remain dismissed with prejudice.

8